UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EQUELE HICKS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 25-008-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN MCRAE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Equele Hicks is currently confined at FCI Butner Medium II in Butner, North Carolina. Proceeding without an attorney, Hicks has filed petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hicks' petition includes virtually no supporting facts, but he appears to challenge the warden's: 1) calculation of credits under the First Step Act; 2) decision regarding community corrections placement under the Second Chance Act; and 3) decision that Hicks cannot receive time credit for participation in RDAP in light of Hicks' conviction under 18 U.S.C. § 922(g)(1). For the reasons outlined below, the Court will dismiss Hicks' petition without prejudice after initial review pursuant to 28 U.S.C. § 2243.

As an initial matter, Hicks did not pay the applicable $5.00 filing fee as required by 28 U.S.C. § 1914, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee. As a result of these deficiencies, he has not properly initiated this civil action.

In addition to the foregoing, prisoners are required to exhaust available administrative remedies within the Bureau of Prisons before filing a petition for a writ of habeas corpus.

*Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).  Hicks concedes that he has not done so but suggests that exhaustion should be excused because he is expected to be released in approximately two years.  However, exhaustion through the Bureau of Prisons administrative grievance process takes nowhere close to two years.  *See* 28 C.F.R. §§ 542.13-15.  Thus, there is nothing to support Hicks' conclusory allegation that exhaustion is futile.  *See Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility exists when there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has developed a strong position on the issue together with an unwillingness to reconsider").

While exhaustion of remedies is an affirmative defense that prisoners are not required to "specially plead or demonstrate," *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court may dismiss the petition sua sponte when it is obvious that the petitioner has not exhausted his administrative remedies, *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).  And that is the case here.  Accordingly, it is hereby

**ORDERED** as follows:

1.   Equele Hicks' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED**, without prejudice.

2.   This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: January 14, 2025.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky